# EXHIBIT 1

**Schulte Roth & Zabel** LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Michael E. Swartz
212.756.2471

Writer's E-mail Address
Michael.Swartz@srz.com

January 25, 2023

**VIA ECF AND E-MAIL**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: *Brunckhorst III et al. v. Bischoff et al.*, No. 1:21-cv-04362-JPC

Dear Judge Cronan:

  We write on behalf of Defendant Eric Bischoff ("Eric") to request that the Court quash a subpoena *ad testificandum* and *duces tecum* to non-party Dennis E. King[1] (the "King Subpoena") issued by Plaintiff Frank Brunckhorst III ("Frank") on January 11, 2023.[2]  Frank's attempt to take discovery from Mr. King at this time directly violates the Court's discovery scheduling orders.

  Pursuant to an order, entered on October 12, 2022, the parties were required to complete fact discovery by December 15, 2022.  (*See* ECF No. 188 at 3.)  As the Court may recall, Eric has sought to extend the discovery deadline based on specific discovery needs he has articulated.  (*See* ECF No. 200.)  Notably, Frank *opposed* Eric's request to take additional depositions, arguing that "preparing for additional depositions involves substantial effort and expense that is unwarranted at this point in the case."  (ECF No. 208 at 1.)

  On December 28, 2022, the Court granted Eric's request to extend the fact discovery deadline to January 30, 2023.  (ECF No. 212, the "December 28 Order" at 5).  Specifically, the Court provided Eric an additional 45 days of discovery solely for "***the limited purposes identified by [Eric]***," *i.e.*, to (1) "allow time for [Eric] to take up to three additional depositions" of the individuals he identified—Vahan Ayvazian, Susan Stravitz Kemp, and David Altschiller; (2) "complete discovery in connection to [] three requests for production of documents that [Eric] served [on Frank] on December 13, 2022"; (3) "conduct any further discussions necessary to resolve responses and objections to the requests for production and admission [that Eric] served

---

[1]   Mr. King is a friend and business associate of Eric who lives in Virginia.

[2]   The January 11, 2023 notice of the King Subpoena and the King Subpoena itself, without exhibits, are attached hereto as Exhibit A and Exhibit B, respectively.

The Honorable John P. Cronan
January 25, 2023
Page 2

on [the parties] on November 14, 2022"; and (4) allow Eric (if needed) to "file a motion to compel related to document requests prompted by . . . [the] deposition of [Boar's Head Provisions Co. Inc.]" ("Boar's Head"). (*Id.* at 4–6) (emphasis added).

Then, on January 11, 2023 — without having conferred with Eric, or seeking leave from the Court to take additional discovery outside of the Court's existing deadlines — Frank transmitted a Rule 45 notice of his intention to serve the King Subpoena on Mr. King. (*See* Ex. A.) The King Subpoena consisted of a request for documents from Mr. King concerning any post office box he maintained (*see* Ex. B at Schedule A) and purported to command Mr. King to appear for a deposition on January 30, 2023 in Richmond, Virginia (*see* Ex. B).

The King Subpoena is not covered by the four limited purposes for which the Court extended discovery to January 30, 2023. Frank was required to seek the Court's permission before serving the King Subpoena and the Court made clear that any application for a further extension of discovery had to be made by January 20, 2023. (*See* EFC No. 212 at 6.) Frank made no application to the Court and instead simply issued the King Subpoena outside of the fact discovery cutoff.[3]

As such, the Court should quash the King Subpoena. *See, e.g.*, *In re: Gen. Motors LLC*, 2016 WL 2766654 (S.D.N.Y. May 12, 2016) (quashing third-party subpoena that was not timely served within the discovery deadlines set by the court); *Agapito v. AHDS Bagel, LLC*, 2018 WL 3216119 (S.D.N.Y. May 17, 2018) (quashing subpoenas issued 13 days after the close of discovery). Allowing Frank to pursue his untimely discovery would "suggest . . . the Court's deadlines are merely hortatory or aspirational and not real deadlines." *In re: Gen. Motors LLC*, 2016 WL 2766654, at *2.

Although the King Subpoena should be denied on the basis of untimeliness alone, it is also completely unnecessary as it is not relevant to the claims or defenses of the parties. Mr. King and any post office box that he maintained have absolutely nothing to do with Boar's Head, Frank's employment status, the Barbara Brunckhorst 1994 and 2010 Trusts, the parties' competing notices to purchase Boar's Head shares, the Boar's Head Shareholder's Agreement or the Interim Settlement Agreement. As such, Frank should not be permitted to take his untimely deposition after the close of fact discovery, particularly when Frank forced Eric to make repeated applications to the Court to take depositions *within* the fact discovery cutoff for which he articulated an actual need.

* * *

For the reasons set forth above, Eric respectfully requests that the Court quash the King Subpoena.

---

[3] On the evening of Monday, January 23, Eric wrote to Frank objecting to the untimely issuance of the King Subpoena and asked to have the King Subpoena included in a previously-scheduled meet-and-confer between the parties at 4:30 P.M. on Tuesday, January 24. Frank declined to do so, notwithstanding the fact that the original agenda for that meet-and-confer was completed in 11 minutes.

The Honorable John P. Cronan
January 25, 2023
Page 3

                                                  Respectfully Submitted,

                                                  Michael E. Swartz

cc: Counsel of Record

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK BRUNCKHORST III, individually and in his capacity as trustee of THE FRANK BRUNCKHORST III 2001 TRUST,<br><br>      Plaintiff,<br><br>  v.<br><br>ERIC BISCHOFF; SUSAN STRAVITZ KEMP, in her capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST and executrix of THE ESTATE OF BARBARA BRUNCKHORST, AND RICHARD TODD STRAVITZ, in his capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST, trustee of THE BARBARA BRUNCKHORST 2010 TRUST, and executor of THE ESTATE OF BARBARA BRUNCKHORST,<br><br>      Defendants. | No. 21-CV-4362 (JPC) |
| ERIC BISCHOFF,<br><br>      Counterclaim-Plaintiff,<br><br>  v.<br><br>FRANK BRUNCKHORST III, individually and in his capacity as trustee of THE FRANK BRUNCKHORST III 2001 TRUST, and in his capacity as trustee of THE FRANK BRUNCKHORST 2020 INVESTMENT TRUST-A<br><br>      Counterclaim-Defendant. | |

ERIC BISCHOFF,

      Crossclaim-Plaintiff,

  v.

SUSAN STRAVITZ KEMP, in her capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST and executrix of THE ESTATE OF BARBARA BRUNCKHORST, AND RICHARD TODD STRAVITZ, in his capacity as co-trustee of THE BARBARA BRUNCKHORST 1994 TRUST, trustee of THE BARBARA BRUNCKHORST 2010 TRUST, and executor of THE ESTATE OF BARBARA BRUNCKHORST,

      Crossclaim-Defendants.

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE**, pursuant to Federal Rule of Civil Procedure 45, that Plaintiff Frank Brunckhorst III, by and through his undersigned counsel, intends to serve a subpoena, in the form attached hereto, on Dennis E. King on January 11, 2023, or as soon as service may be effectuated.

2

| | | |
|---|---|---|
| Dated: | New York, New York<br>January 11, 2023 | QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP |

/s/ *Kevin S. Reed*
Stephen R. Neuwirth
Kevin S. Reed
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
stephenneuwirth@quinnemanuel.com
kevinreed@quinnemanuel.com

Kathleen A. Lanigan (*pro hac vice*)
1300 I Street, Suite 900
Washington, DC 20005
Tel: 202-538-8000
Fax: 202-538-8100
katlanigan@quinnemanuel.com

*Attorneys for Plaintiff and Counterclaim-
Defendant Frank Brunckhorst III*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record on January 11, 2023, via email at the email addresses indicated below:

| | |
|---|---|
| Michael Everett Swartz<br>Taleah Esperanza Jennings<br>SCHULTE ROTH & ZABEL LLP<br>919 Third Avenue<br>New York, NY 10022<br>Tel: (212) 756-2000<br>Fax: (212) 593-5955<br>michael.swartz@srz.com<br>taleah.jennings@srz.com<br><br>***Attorneys for Defendant, Counterclaim-Plaintiff, and Crossclaim-Plaintiff Eric Bischoff*** | Meghan Lynne Gehr Hubbard (*pro hac vice*)<br>Richard Cullen (*pro hac vice*)<br>Ryan David Frei (*pro hac vice*)<br>MCGUIREWOODS LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, VA 23219<br>Tel: 804-775-4714<br>Fax: 804-698-4676<br>mghubbard@mcguirewoods.com<br>rcullen@mcguirewoods.com<br>rfrei@mcguirewoods.com<br><br>Philip A. Goldstein<br>MCGUIREWOODS LLP<br>1251 Avenue of the Americas, 20th Floor<br>New York, NY 10020<br>Tel: 212-548-2167<br>Fax: 212-715-6275<br>pagoldstein@mcguirewoods.com<br><br>***Attorneys for Defendants and Crossclaim-Defendants Richard Todd Stravitz, in his capacity as co-trustee of The Barbara Brunckhorst 1994 Trust, trustee of The Barbara Brunckhorst 2010 Trust, and co-executor of the Estate of Barbara Brunckhorst, and Susan Stravitz Kemp, in her capacity as co-trustee of The Barbara Brunckhorst 1994 Trust and coexecutrix of the Estate of Barbara Brunckhorst*** |

4

Dated: January 11, 2023                                QUINN EMANUEL URQUHART
                                & SULLIVAN, LLP

                                */s/ Samuel H.S. Donohue*
                                Samuel H.S. Donohue
                                51 Madison Avenue, 22nd Floor
                                New York, NY 10010
                                Tel: (212) 849-7000
                                Fax: (212) 849-7100
                                samueldonohue@quinnemanuel.com

                                *Attorney for Plaintiff and Counterclaim-*
                                *Defendant Frank Brunckhorst III*

# EXHIBIT B

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| Frank Brunckhorst III | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-04362 |
| Eric Bischoff, et al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Dennis E. King
15202 SCOTTS RD
DEWITT, VA 23840-2722 DINWIDDIE COUNTY

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: McGuireWoods LLP<br>800 E Canal St,<br>Richmond, VA 23219 | Date and Time:<br>01/30/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenography and Audio/Visual

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Schedule A, attached to this subpoena, sets forth all the necessary documentation to produce.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/11/2023

*CLERK OF COURT*

OR

_____        /s/ Kevin S. Reed
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Frank Brunckhorst III , who issues or requests this subpoena, are:

Kevin Reed | 51 Madison Ave., NY, NY 10010 | kevinreed@quinnemanuel.com | 212-849-7160

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:21-cv-04362

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A TO THE SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM* TO DENNIS E. KING

### DOCUMENT REQUESTS

1. For the period 1999 through 2020, documents sufficient to identify the location, initial rental date, and rental termination date, if any, of all Post Office Boxes leased by You.

### DEFINITIONS

The following definitions shall apply to each of the Requests:

1. All definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") are hereby incorporated herein.

2. "Complaint" means the Complaint filed by Plaintiff in the above-captioned case, No. 21-CV-4362 (JPC), on May 14, 2021 (Dkt. No. 8).

3. "Third Amended Counterclaim Complaint" means the Third Amended Answer, Counterclaims and Crossclaims filed by Defendant Eric Bischoff in the above-captioned case, No. 21-CV-4362 (JPC), on May 23, 2022 (Dkt. No. 150).

4. The terms "Document" is used in the broadest possible sense as permitted under the Federal Rules of Civil Procedure and any applicable rules. As such, "Document" and "Documents" include, but are not limited to, any writing, record, or other tangible or intangible thing from which data or information can be obtained, translated or decoded by any means, whether printed, stored, recorded, reproduced or otherwise preserved by any process or contained in any other storage device, as well as all ESI (as defined below), letters, memoranda, computer printouts, invoices, brochures, text messages, instant messages, notes, voice-mail messages, spreadsheets, PowerPoint presentations, Excel materials, books, communications, video tapes, e-

1

mail, data sheets, notes, computer tapes, disks, computer programs, microfilm, manuals, audio tapes, or records or recordings of meetings, conferences, and telephone or other conversations or communications. A draft or non-identical copy is a separate Document within the meaning of this term. A Request for Documents includes any communications concerning the matter that is the subject of the Request.

5. "ESI" means all electronically stored information and materials.

6. The term "Post Office Box" shall be construed in the broadest sense possible and shall include any post office box leased from the United States Postal Service and any similar facility or service leased or procured from any private concern (such as The UPS Store).

7. "You" and "Your" refer to Dennis E. King.

8. Whenever used herein: (a) the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; (b) the term "including" shall be deemed to mean "including, but not limited to," and shall not be construed to limit the scope of any definition or Request herein; (c) the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; (d) the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and (e) each of the functional words "any," "each," "every," and "all" shall be deemed to include each of the others.

**INSTRUCTIONS**

1. The preceding Definitions apply to each of these Instructions and each of the preceding Requests.

2

2. These Requests require the production of all responsive Documents (as defined herein) that are in Your possession, custody, or control, wherever located and whether active, in storage, or otherwise.

3. If any Document called for by any Request is withheld because You claim that it is privileged or otherwise protected from disclosure, provide a privilege log identifying each such Document for which the privilege is claimed together with the following information: (a) the date of the Document; (b) the name(s) and title(s) of its author(s) or preparer(s) and whether such person is an attorney; (c) the name and title of each person who was sent or furnished with the Document (including persons "cc'd" or "bcc'd"), and whether such person is an attorney; (d) a brief description of the Document in sufficient detail for Plaintiff to assess the claim of privilege; and (e) a statement of the basis for the claim of privilege. In the case of Documents that You claim are privileged that relate to meetings or to other conversations, all participants in the meeting or conversation shall be identified.

4. Each Document requested herein must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless of whether You consider the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document for privilege, stamp the word "redacted" on each page, or portion of each page, of the Document which You have redacted, identifying the basis for such redaction. All redactions must be included in a privilege log in the manner described above, and describing the privilege basis for the redaction and all information necessary for Plaintiff to assess the basis for the redaction.

5. All Documents shall be produced as kept in the ordinary course of business, in the form and in the same order within each file in which they were located prior to production.

6. You are to produce entire Documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any Documents. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be produced separately.

7. If You object to any Request or part of a Request, set forth the basis for Your objection with particularity and respond to all parts of the Request to which You do not object.

8. If no Documents exist that are responsive to a particular Request, state that fact in Your response to such Request.

9. Each of these Requests is continuing, and You are requested to furnish promptly any additional documents covered by any Requests which become available at a later date.

10. On September 8, 2021, the Court so-ordered the enclosed Stipulated Confidentiality Agreement and Protective Order and the Stipulation and Order Governing the Protocol for the Production of Documents and Electronically Stored Information (the "ESI Protocol") in the Action. The parties to the Action have requested that non-parties produce Documents in accordance with the specifications set forth in the ESI Protocol. Also enclosed are the Complaint for Declaratory Relief filed by Plaintiff Frank Brunckhorst III and the Third Amended Counterclaims and Crossclaims filed by Defendant Eric Bischoff.

4